## Johnson v. Studebaker Corporation of America.

(Decided October 28, 1914.)

### Appeal from Hickman Circuit Court.

Warranty—Action for Breach—Evidence—Peremptory.—In an action for damages for breach of the "usual guarantee" in the sale of an automobile, where there was no competent evidence tending to establish the warranty claimed by plaintiff, the trial court properly directed a verdict in favor of defendant.

J. H. SHELTON for appellant.

BENNETT, ROBBINS & ROBBINS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In this action for damages for breach of warranty in the sale of an automobile by plaintiff, R. L. Johnson, against defendant, the Studebaker Corporation of America, the trial court, at the conclusion of the evidence, gave a peremptory in favor of the defendant. Plaintiff appeals.

Plaintiff charged in his petition that the defendant guaranteed and warranted the machine to do good work, and operate well, and that it would be capable in every respect to run over "this community and surrounding territory in Western Kentucky, where plaintiff might have occasion to travel;" that the machine was represented to him and warranted not to be defective in any of its parts, and to be suitable to transport him and other passengers safely where they might desire to travel in said territory, and to be in good working and running condition. It is further charged that many of the parts of the machine were defective, that it would not run, operate or do good work, and that it was worthless as an automobile. Defendant denied the warranty claimed by plaintiff, and pleaded a ninety-day warranty by which it undertook to replace such parts of the machine as were found to be defective, with the further provision that if the vehicle was altered or repaired outside of defendant's factory its liability under the warranty should cease.

The evidence shows that plaintiff had purchased an old automobile from one Fred Beeler. He afterwards entered into a contract with defendant by which defendant agreed to furnish him a new automobile in exchange for the old automobile and $300 in cash. The negotiations were carried on by letter, and it appears that the new automobile was sold on the "usual guarantee." The case turns on what was the "usual guarantee." Plaintiff proved by two witnesses that they had purchased defendant's cars from Mrs. Smith, and that she gave them a one-year guaranty on the cars. He also stated that he did not buy his car from Mrs. Smith, but she told him the guarantee on the car was one year. Defendant's manager testified that Mrs. Smith was not an agent of the company, but simply a dealer in cars to whom they sold the cars outright. At the time the sale

was made to plaintiff, they used a standard form of guarantee, which is the one set out in the answer.

Plaintiff might have shown by the officers who were authorized agents of the company what the usual guarantee was at the time of his purchase; or he might have shown that its authorized agents at that particular time, in making sales of defendant's automobiles, were giving a particular guarantee. This, however, he failed to do. The mere fact that he or two former purchasers had been told by Mrs. Smith that the guarantee on a machine like the one he purchased was for one year, is not, in the absence of evidence tending to show that Mrs. Smith was an authorized agent of the defendant, and in the face of positive evidence to the effect that she was not an authorized agent, competent to prove what the usual guarantee was. As it is not contended that plaintiff complied with the conditions of the ninety-day guarantee which defendant's evidence shows was the usual guarantee at the time of his purchase, and as there was no competent evidence tending to establish the warranty claimed by plaintiff, it follows that the trial court properly directed a verdict in favor of the defendant.

Judgment affirmed.